UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAMON ELLIOTT, | No. 20-cv-13887 |
| Petitioner, | |
| v. | OPINION |
| S. REISER, | |
| Respondent. | |

**O'HEARN, District Judge.**

Petitioner is a federal prisoner currently incarcerated at FCI Fairton, in Fairton, New Jersey. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons stated in this Opinion, the Court will dismiss the Petition for lack of jurisdiction.

**I.   BACKGROUND[1]**

In 1997, a jury convicted Petitioner of aggravated sexual abuse in violation of 18 U.S.C. § 2241, and the United States District Court for the District of Maryland sentenced Petitioner to 189 months in prison. *Elliott v. United States*, No. 07-2018, 2007 WL 2688542, at *1 (D. Md. Sept. 10, 2007). The Fourth Circuit affirmed on appeal. *Id*.

Thereafter, Petitioner filed his first motion under 28 U.S.C. § 2255 and received a denial on April 5, 2000. *Id*. Petitioner requested a certificate of appealability, and the Fourth Circuit denied that request. The remaining procedural history is unclear, but it appears that Petitioner filed at least five second or successive § 2255 motions or other filings later construed as second or successive § 2255 motions. *Elliott v. United States*, No. 07-2689, 2007 WL 3094892, at *1 (D.

---

[1] The Court will construe the factual allegations in the Petition as true for the purpose of this screening only. The Court has made no findings as to the veracity of Petitioner's allegations.

Md. Oct. 18, 2007). Petitioner received a denial on each motion, and each time he requested a certificate of appealability, the Fourth Circuit denied his request. *Id.*

In October of 2020, Petitioner filed the instant Petition, alleging that the sentencing court erroneously enhanced his sentence under the United States Sentencing Guidelines. (ECF No. 1, at 8.)

## II.   STANDARD OF REVIEW

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## III.   DISCUSSION

In this case, Petitioner challenges his federal sentence under 28 U.S.C. § 2241. Generally, however, a person must challenge the validity of a federal conviction or sentence under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is true because § 2255 prohibits a district court from entertaining a challenge to a federal conviction or sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). More specifically, § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced

>him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

A § 2255 motion is "inadequate or ineffective," which permits a petitioner to utilize § 2241, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538. "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who had previously filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The Third Circuit emphasized that it was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.*

Consequently, under *Dorsainvil* and its progeny, this Court would have jurisdiction over the Petition if, and only if, Petitioner alleges: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review. *See Bruce v. Warden Lewisburg USP*, 868

3

F.3d 170, 180 (3d Cir. 2017); *Okereke*, 307 F.3d at 120; *Cradle*, 290 F.3d at 539; *Dorsainvil*, 119 F.3d at 251–52.

 Here, Petitioner fails to allege facts sufficient to bring his challenge within the *Dorsainvil* exception. Petitioner does not allege that he is "actually innocent" *as a result of a retroactive change in substantive law* that negates the criminality of his conduct. Rather, he contends under Ground Two, that the sentencing court erroneously enhanced his sentence under U.S.S.G. § 2A3.1(b)(1).[2] (ECF No. 1, at 8.) More specifically, Petitioner argues that the provision does not apply because "no weapon was used or brandished, nor was the victim under the influence." (*Id.*)

---

[2] U.S.S.G. § 2A3.1(b)(1) enhances the Guidelines range by four levels, "[i]f the offense involved conduct described in 18 U.S.C. § 2241(a) or (b)." Those provisions state:

> (a) By force or threat.--Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly causes another person to engage in a sexual act--
>
> > (1) by using force against that other person; or
>
> > (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping;
>
> or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.
>
> (b) By other means.--Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly—
>
> > (1) renders another person unconscious and thereby engages in a sexual act with that other person; or

This claim does not fall within the *Dorsainvil* exception because it argues that Petitioner is actually innocent of a sentencing enhancement, as opposed to being actually innocent of the crime for which he was convicted. *See, e.g.*, *Arbelaez-Agudelo v. Zickefoose*, 497 F. App'x 179, 182 (3d Cir. 2012) (addressing enhancements under the Sentencing Guidelines); *United States v. Brown*, 456 Fed. App'x 79, 81 (3d Cir. 2012); *Maher v. Fed. Bureau of Prisons*, No. 18-2348, 2018 WL 2095594, at *2 (D.N.J. May 7, 2018) (citing cases); *Adderly v. Hollingsworth*, No. 14-1800, 2015 WL 3629398, at *10 (D.N.J. June 9, 2015); *see also Franklin v. Ortiz*, No. 18-13713, 2020 WL 3638279, at *2 (D.N.J. July 6, 2020). Stated differently, Petitioner does not allege that he is innocent of aggravated sexual abuse, he merely alleges that he committed the sexual abuse without using or brandishing a weapon, and that his victim was not under the influence. (*See* ECF No. 1, at 8.)

Next, under Ground One, Petitioner alleges that § 2255 is inadequate or ineffective because his attorney failed to raise the sentencing enhancement in his original § 2255 motion. (ECF No. 1, at 7.) In Petitioner's view, this means that he "had no earlier opportunity," to raise his sentencing claim. (*Id.*)

The Court disagrees. Petitioner's allegations, accepted as true, would not necessarily demonstrate that "some limitation of scope or procedure would prevent a § 2255 proceeding from

---

(2) administers to another person by force or threat of force, or without the knowledge or permission of that person, a drug, intoxicant, or other similar substance and thereby—

(A) substantially impairs the ability of that other person to appraise or control conduct; and

(B) engages in a sexual act with that other person[.]

5

affording him a full hearing and adjudication." *Cradle*, 290 F.3d at 538; *see also Massey v. U.S.*, 581 F.3d 172, 174 (3d Cir. 2009). Prisoners routinely challenge their sentencing enhancements through motions under § 2255. *Maher*, 2018 WL 2095594, at *2 (citing cases); *Crawford*, 2012 WL 5199167, at *1.

Additionally, § 2255 is not inadequate or ineffective simply because Petitioner or his attorney failed to raise the claim during Petitioner's first § 2255 motion. Once again, it "is the inefficacy of the remedy, not [Petitioner's] *personal inability to use it*, that is determinative." *Cradle*, 290 F.3d at 538 (emphasis added). Indeed, Petitioner implies that he would have raised the claim, or that counsel should have raised the claim, in his first § 2255 motion. (ECF No. 1, at 7.) In other words, a § 2255 motion would have been effective to challenge the factual basis of Petitioner's sentencing enhancement. *See, e.g.*, *Maher*, 2018 WL 2095594, at *2.

Accordingly, since the *Dorsainvil* exception does not apply here, this Court lacks jurisdiction to entertain this challenge to Petitioner's sentence. Whenever a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Since Petitioner has already pursued a motion under § 2255, he must seek authorization from the Fourth Circuit to file a second or successive § 2255 motion. 28 U.S.C. § 2244(b)(3). This Court finds that it is not in the interest of justice to transfer this Petition to the Fourth Circuit, as it does not appear that Petitioner can satisfy the requirements of § 2244(b)(2). Nevertheless, this Court's decision does not prevent Petitioner from seeking permission from the Fourth Circuit on his own.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction. An appropriate Order follows.

DATED: January 18, 2022

                                         /s/ *Christine P. O'Hearn*
                                         **Christine P. O'Hearn**
                                         **United States District Judge**